# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAMELA CARPENTER,

      Plaintiff,

v.

MONROE FINANCIAL RECOVERY
GROUP, LLC; GOODMAN FROST,
PLLC; and
TIMOTHY J. FROST,

      Defendants.
_____/

Case No. 15-10780

CLASS ACTION

DEMAND FOR JURY TRIAL

# COMPLAINT

## INTRODUCTION

1. Plaintiff Pamela Carpenter brings this action against Defendants Monroe Financial Recovery Group, LLC, ("Monroe"), Goodman Frost PLLC ("Goodman Frost") and Timothy J. Frost ("Frost") for violating the Fair Debt Collection Practices Act ("FDCPA") and the Michigan Collection Practices Act ("MCPA"), in attempting to collect a debt that was not Plaintiff's, by using false and misleading statements to the state court and the consumer in the state court proceeding coupled with an unfair practice to obtain a default judgment, and ratifying their violation of the automatic stay order in Plaintiff's bankruptcy by failing to voluntarily withdraw the default judgment they obtained against Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1367(a) (supplemental jurisdiction).

3. Venue and personal jurisdiction over Defendants in this District is proper because:

    a. Plaintiff resides in the District;

    b. Monroe maintains an office at 20300 W. 12 Mile Road, Suite 201, Southfield, Michigan;

    c. Goodman Frost maintains an office at 20300 W. 12 Mile Road, Suite 201, Southfield, Michigan; and

    c. Defendants' conduct at issue occurred within the District.

## PARTIES

4. Plaintiff is a natural person who resides within Wayne County, Michigan.

5. Monroe Financial Recovery Group, LLC is a Michigan Limited Liability Company located at the same address as Goodman Frost. Its registered agent is Robert J. Goodman.

6. Robert J. Goodman is the member manager of Monroe and is the managing partner at Goodman Frost. Notice is given that Mr. Goodman may be added as a Plaintiff in this lawsuit.

7. Monroe purchases debts for pennies on the dollar and the debts it purchases are in default at the time of its purchase.

8. Monroe is a debt collector under the FDCPA. *See McDonald v. Asset Acceptance, LLC*, 296 F.R.D. 513 (E.D. Mich. 2013); *see also Asset Acceptance Corp. v. Robinson*, 244 Mich. App. 728, 734 (Mich. App. 2001).

9. Goodman Frost, PLLC is a law firm. Its registered agent for service of process is Robert J. Goodman.

10. Goodman Frost, PLLC holds itself out to the public as having developed a comprehensive, systematic approach to collections that has an established rate of successful recoveries giving every account the individual attention it requires by utilizing an established collection process followed by ultimately holding the debtor legally accountable, to provide unsurpassed results.

11. Goodman Frost, PLLC represents creditors against consumers in state court litigation in the State of Michigan.

12. Goodman Frost, PLLC is a "debt collector" under the FDCPA. *Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 461 (6th Cir. 2013); *see also*

*Kistner v. Law Office of Michael P. Margelefsky, LLC,* 518 F.3d 433, 438 (6th Cir. 2008).

13. Frost is an "aggressive and tenacious lawyer" at Goodman Frost. http://www.goodmanfrost.com/about.html.

14. Frost is a "debt collector" under the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291 (1995); *see also Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 461 (6th Cir. 2013); *see also Kistner v. Law Office of Michael P. Margelefsky, LLC,* 518 F.3d 433, 438 (6th Cir. 2008).

15. MCL 445.251(g)(xi) includes within the definition of "regulated person" an "attorney handling claims and collection on behalf of a client and in the attorney's own name."

16. Defendants Goodman Frost and Frost each are a "regulated person" under the MCPA. *Misleh v. Timothy E. Baxter & Assocs.*, 786 F. Supp. 2d 1330, 1338 (E.D. Mich. 2011).

## FACTS

17. On or around January 14, 2014, Goodman Frost obtained a copy of Plaintiff's consumer report or the information therein from Experian.

18. On information and belief, Plaintiff's Experian consumer report as of January 14, 2014, did not show that a Citibank (South Dakota), N.A. account ending with the last four digits of 3699; Plaintiff's Experian consumer report as of

April 1, 2014, did not show that a Citibank (South Dakota), N.A. account ending with the last four digits of 3699.

19. On or around March 3, 2014, Monroe, through Goodman Frost, PLLC, and Frost, filed suit against Plaintiff in the 35th District Court, State of Michigan (the "state court lawsuit"). Exhibit A. Plaintiff was not personally served with a copy of the state court lawsuit.

20. The state court lawsuit, Exhibit A, is a form complaint used by Defendants.

21. The state court lawsuit according to the four corners of the document and its "Exhibit 1" involve a Citibank (South Dakota), N.A. account ending with the last four digits 3699.

22. Based on "Exhibit 1" attached to the state court lawsuit, the redacting 12 of 16 account digits, indicates that Citibank issued credit card and that Monroe is seeking to enforce any rights that Citibank may have had as to the account ending with 3699.

23. On information and belief, the debt that was the subject of the state court lawsuit was incurred primarily for either personal, family, or household purposes, as Defendants sued an individual not a corporate entity.

24. On April 10, 2014, Plaintiff though her counsel, Mr. Evanchek, filed for Chapter 7 Bankruptcy, notifying the creditors listed on her Experian, Equifax and Transunion consumer reports.

25. On June 17, 2014, a default judgment in the state court lawsuit was entered against Plaintiff. After the entry of the default judgment was when Plaintiff first received notice that the state court lawsuit was filed against her. She then promptly contacted her bankruptcy attorney, Mr. Evanchek.

26. On June 20, 2014, Mr. Evanchek sent a letter to Goodman Frost informing it that Plaintiff had filed a Chapter 7 bankruptcy, cited the automatic stay rule, 11 U.S.C. § 362, and requested that the June 17, 2014 judgment in the state court matter be vacated. Exhibit B.

27. June 30, 2014, Mr. Frost sent a letter to Mr. Evanchek acknowledging the receipt of the Mr. Evancheck's notice to Goodman Frost of Plaintiff's bankruptcy and stated in part, "we will not be seeking to set aside the judgment at this time." Exhibit C.

28. Default judgments will typically show up on a consumer report and adversely effect the person's FICO® score up to seven years from the entry of the default judgment. http://www.myfico.com/crediteducation/questions/public-records.aspx.

29. After more than a month elapsing without Defendants moving to set aside the default judgment entered against Plaintiff, and on or around August 4, 2014, Plaintiff's counsel, Mr. Evancheck, filed a motion to vacate the default judgment.

30. Plaintiff has incurred actual damages of attorney's fees and costs in having her attorney move to vacate the default judgment entered in the state court lawsuit.

**COUNT I**
**INDIVIDUAL CLAIMS**

31. Plaintiff incorporates paragraphs 1-30 above herein.

32. The debt alleged to be owed in the state court lawsuit is either older than seven years (and therefore the suit was time barred) or is not Plaintiff's debt (Plaintiff does not recognize the debt she was sued upon and she did not have an "CITI AADVANTAGE WORD MASTERCARD" originating with Citibank, N.A. ending in the last for digits of 3699 as identified by American Coradius International LLC, the entity that it is believed Monroe obtained the subject debt from).

33. Defendants ratified the violation of the Bankruptcy Automatic Stay Order by failing to voluntarily without further action vacate the default judgment in the state court matter.

34. Defendants needlessly inflicted damages upon Plaintiff, essentially forcing her counsel to file a motion to vacate the judgment that was entered in the state court lawsuit.

35. Defendants' conduct amount to an unfair and unconscionable practice.

36. Defendants violated 15 U.S.C §§ 1692e, e(2)(A), e(5), e(10); 15 U.S.C. § 1692f.

37. Defendants Goodman Frost's and Frost's conduct violated MCL 445.252(e) and MCL 445.252(f).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against each Defendant for statutory damages, actual damages and attorney's fees and costs of suit as allowed by the FDCPA and all damages, attorney's fees and costs available under the MPCA against Defendants Goodman Frost and Frost.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT
## CLASS CLAIM

38. Plaintiff incorporates paragraphs 1-30 above herein.

39. The state court lawsuit in paragraph 12 states, "Defendant is in possession of the terms and conditions of the Account." Exhibit A ¶ 12.

40. Michigan Court Rule, § 2.113(F)(1)(b), requires that, if a claim is based on a written instrument, a copy of the written instrument must be included in

the pleadings, unless the written instrument is in the possession of the party being sued.

41. Defendants statement to the Court that, "Defendant is in possession of the terms and conditions of the Account", is false, fraud upon the state court and is material as it is intended to dupe the state court judge into believing that he or she can enter a default judgment on the breach of contract claim that was alleged in the state court complaint, and to mislead the consumer into believing that that a proper breach of contract claim has been established.

42. Without such a statement made by Defendants, the state court lawsuit should have been dismissed, without a default judgment being entered. *See English Gardens Condo., LLC v. Howell Twp.*, 273 Mich. App. 69, 729 N.W.2d 242, 250 (Mich. Ct. App. 2007) *reversed in part on other grounds* 480 Mich. 962, 741 N.W.2d 511 (Mich. 2007).

43. On information and belief, Citibank (South Dakota), N.A. does not issue a credit card without a written contract.

44. At all times relevant the charges that were incurred on the debt that Monroe sued Plaintiff on were subject to a Citibank (South Dakota), N.A. contract.

45. Defendants' pleading in the state court lawsuit of the possibility that it could state a claim under, Count II - Account Stated, is false and misleading to the consumer and the state court, completely lacking in any factual basis whatsoever.

*See e.g. Fisher Sand & Gravel Co. v. Neal A. Newbie, Inc.,* 494 Mich. 543, 568 (Mich. 2013) ("the creditor's remedy is to timely pursue a breach of contract action when the debtor fails to live up to the terms of the underlying agreement. But when the credit relationship is not defined as an integral part of the transaction for goods or services, and instead arises from a course of dealing between the parties, an open account claim may arise by implied contract.")

46. These statements made by Defendants in the state court lawsuit amount to an unconscionable and unfair practice as they are aimed at circumventing the required proof in establishing a valid claim on a credit card account and duping the consumer into believing that Monroe had indeed stated a valid claim.

47. Defendants violated, 15 U.S.C §§ 1692e, e(10); 15 U.S.C. §§ 1692f.

**CLASS ALLEGATIONS**

48. Plaintiff brings this claim on behalf of all individuals with a Michigan address, where Monroe purchased a debt where the original creditor was Citibank (South Dakota), NA., where a lawsuit was filed in the name of Monroe at any time from March 3, 2013 to March 23, 2014, where the lawsuit stated, "Defendant is in possession of the terms and conditions of the Account" or filed a claim for an "Account Stated."

49. Pursuant to Rule 23 the above definition may be modified by the Court or by Plaintiff prior to the entry of a judgment in this matter.

50. On information and belief the class is so numerous, more than 40 persons, that joinder of all members is impractical.

51. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

52. The predominate question is whether specific language and the claims made in form state court lawsuits filed against consumers on a credit card debt violates the FDCPA.

53. Plaintiff will fairly and adequately protect the interests of each class.

54. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

55. A class action is an appropriate method for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class against each Defendant for statutory damages and attorney's fees and costs of suit as allowed by the FDCPA.

## COUNT III
## MICHIGAN COLLECTION PRACTICES ACT
## CLASS CLAIM

56. Plaintiff incorporates paragraphs 1-30, 39-46 above herein.

57. "The FDCPA contains language that is very similar to that found in the MCPA." *Gamby v. Equifax Info. Servs. LLC,* 462 Fed. Appx. 552, 556 n.5 (6th Cir. 2012) (unpublished).

58. Plaintiff's MCPA class claims here mirror Plaintiff's FDCPA class claims.

59. "[I]n the absence of any such circumstance [set forth in 28 U.S.C. § 1367(c)], it does not appear that a court would be authorized—let alone required—to decline to exercise jurisdiction." *Hucul Advertising, LLC v. Charter Twp. Of Gains,* 748 F.3d 273, 281 (6th Cir. 2014). No set of circumstances set forth in 28 U.S.C. § 1367(c) exist here.

60. MCL 445.252(e) prohibits a regulated person from "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt[.]"

61. MCL 445.252(f) and its respective subsections prohibit a regulated person from misrepresenting the legal action being threatened and from misrepresenting the legal rights of the creditor.

62. Defendants Goodman Frost and Frost violated MCL 445.252(e) and MCL 445.252(f).

## CLASS ALLEGATIONS

63. Plaintiff brings this claim on behalf of all individuals with a Michigan address, where Monroe purchased a debt where the original creditor was Citibank (South Dakota), NA., where a lawsuit was filed in the name of Monroe at any time from March 3, 2009 to March 23, 2014, where the lawsuit stated, "Defendant is in possession of the terms and conditions of the Account" or filed a claim for an "Account Stated."

64. Pursuant to Rule 23 the above definition may be modified by the Court or by Plaintiff prior to the entry of a judgment in this matter.

65. On information and belief the class is so numerous, more than 40 persons, that joinder of all members is impractical.

66. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

67. The predominate question is whether specific language and the claims made in form state court lawsuits filed against consumers on a credit card debt violates the FDCPA.

68. Plaintiff will fairly and adequately protect the interests of each class.

69. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

70. A class action is an appropriate method for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Goodman Frost and Frost for statutory damages, injunctive relief barring Goodman Frost's and Frost's practices complained of regarding the false content of their state court form complaints seeking to collect credit card debts, attorney's fees and costs of suit as allowed by the MCPA.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

WARNER LAW FIRM, LLC
Curtis C. Warner (P59915)
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warnerlawllc.com

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

WARNER LAW FIRM, LLC
Curtis C. Warner (P59915)
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warnerlawllc.com